```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
THE ORIGINAL LOG CABIN HOMES LTD.,
(A New York Corporation)
THE ORIGINAL LOG CABIN HOMES LTD.,
(A Delaware Corporation)

                    Plaintiffs,
                                              07 Civ. 10352 (DAB)
         -against-                            ORDER

LOG CABIN HOMES USA, SPECIALTY
WHOLESALERS, DAVID DEHART,
EDMUND DEHART, ALGIE DEHART, JOHN
DOES 1 THROUGH 10 AND JOHN DOE
CORPORATIONS 1 THROUGH 10,

                    Defendants.
------------------------------------------X
DEBORAH A. BATTS, United States District Judge.
```

BACKGROUND

On November 15, 2007, Plaintiffs filed their Complaint against Defendants in this District for copyright infringement, trademark infringement, violations of the Lanham Act, violations of New York's deceptive trade statutes, common law unfair competition, misappropriation of trade secrets, and tortious interference with existing contracts. On November 20, 2007, the Court granted Plaintiffs' request for a Temporary Restraining Order and Ordered Defendants to Show Cause why a Preliminary Injunction should not issue. On December 6, 2007, this Court

1

received Motion papers from the individual Defendants, on their own behalf, and David DeHart, purportedly on behalf of the unincorporated entities. Defendants filed: a Motion for Extension of Time to Respond to the Complaint, a Motion seeking adjournment of the December 7, 2007 preliminary injunction hearing until December 14, 2007, and a Motion to Change Venue. The papers represented that Defendants were willing to comply with the terms of the Temporary Restraining Order and requested that the hearing be adjourned to December 14, 2007.

On December 6, 2007, the Court issued an Order which notified the unincorporated business Defendants that they required an attorney, and adjourned the preliminary injunction hearing until December 14, 2007 at 11:30AM. The Court contacted Plaintiffs' Counsel to obtain a response to the Motion for a Change of Venue. Plaintiffs responded by letter on December 11, 2007. On December 14, 2007 at 12:00PM, the preliminary injunction hearing was convened. The Plaintiffs were represented by their counsel Sean Kane, but no individuals or representatives made an appearance on behalf of Defendants. At the hearing Mr. Kane presented an email from R. Daniel Boyce, that he received last evening at 6:06PM, a North Carolina attorney, purportedly on behalf of Defendants. The email states, <u>inter alia</u>, that Mr. DeHart has a medical condition that requires "certain

2

procedures." No effort was made to contact the Court, despite the fact there had been such prior communications.

The Court is unimpressed by the Defendants behavior in this action. They have engaged in delay tactics and failed to appear for a hearing on a date that they requested, without so much as prior notice to the Court that they would not appear.

Having reviewed the submissions, the Court is persuaded of Plaintiffs' probability of success on the merits, warranting the grant of a preliminary injunction for ninety days. However, a review of the record reflects that the Southern District of New York is not the proper venue for this action.

## DISCUSSION

I. Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.A. § 1404(a). "Motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." Kiss My Face Corp. v. Bunting, 2003 WL 22244587, *1 (S.D.N.Y. 2003) (quoting In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992)).

Plaintiffs are New York and Delaware corporations with the same name, Original Log Cabin Homes Ltd. They are referred to collectively as one Plaintiff throughout the Complaint. (E.g. Compl. at 2-7.) Despite the locations of incorporation, all parties to the action have substantial contacts in North Carolina. The Original Log Cabin Homes Ltd started in Rocky Mount, North Carolina. (Aff. Thomas J. Vesce at 2.) Defendant alleges, and Plaintiffs do not dispute, that the Founder and President of The Original Log Cabin Homes Ltd, Tom Vesce, resides and is still doing business in North Carolina. (Def. Mot. for Change of Venue, at 2.) Further, both "Certificate[s] of Registration" filed with the United States Copyright Office, attached to Plaintiffs' Complaint, state that the copyright is claimed by "The Original Log Cabin Homes, Ltd" located in Rocky Mount, North Carolina. (Form Nos: TX 4-671-955, TX 5-941-341). The Court takes judicial notice of the fact that the website which is part of the dispute here, and cited throughout the Complaint, states that the "Home Office" of The Original Log Cabin Homes Ltd is in Rocky Mount, North Carlina. (http://www.logcabinhomes.com/contact_h.html).

Plaintiffs have not alleged any specific facts, beyond the location of incorporation, tying this litigation to New York. Plaintiff states that because one Plaintiff "is a New York

4

Corporation residing in the Southern District of New York and owns the copyrights" that Defendants infringed, "a substantial portion of the property at issue in the action herein is located in this district." (Pl. Letter of Dec. 11, 2007 at 5.) That assertion is at least undermined by the copyright registrations attached to the Complaint which both list the "Copyright Claimants" as being The Original Log Cabin Homes Ltd in Rocky Mount, North Carolina. Therefore, whatever ties Plaintiff corporations have to New York, there are significant if not greater connections to North Carolina.

Likewise, the pro se individual Defendants David DeHart and Algie DeHart, who are both more than seventy years old, live in North Carolina, as does individual Defendant Edmund DeHart. (Def. Mot. for Change of Venue, at 2.) Both unincorporated business Defendants, Log Cabin Homes USA and Specialty Wholesalers, do business in the Eastern District of North Carolina. (Id.) Therefore, when considered as a whole, the convenience of the Parties plainly favors transfer. 28 U.S.C.A. § 1404(a).

Further, Plaintiffs have not asserted that New York is a more convenient location for any of their witnesses, nor identified any expected witnesses that reside in this District. Rather they have said only that they would make their witnesses available in New York if need be. In addition, Plaintiff notes

that "[i]n all likelihood, as with potential witnesses, the potentially relevant documents and other sources of proof in this case are located in New York, North Carolina, Europe and other places." (Pl. Letter of Dec. 11, 2007 at 5.) The fact that New York is one among many places, including North Carolina, that Plaintiffs claim documents and witnesses may reside is unpersuasive, in light of the strong North Carolina connection to this litigation.

Plaintiff's argument that Plaintiff's counsel would be inconvenienced by transfer is not relevant. Convenience of Plaintiffs' lawyers is not a factor weighing in favor of venue in the Southern District of New York. Pergo, Inc. v. Alloc, Inc., 262 F.Supp.2d 122, 130 (S.D.N.Y. 2003) (finding that New York's convenience for Plaintiff's because its lawyers are located in New York is "simply not [a] relevant factor to consider in weighing the convenience to the parties") (citing Olympia Group, Inc. v. Cooper Industries, Inc., WL 506219, 1-2 (S.D.N.Y. 2001)). At the December 14, 2007, preliminary injunction hearing Plaintiffs' counsel stated that he would be amenable to seeking admission pro hoc vice in North Carolina.

Ultimately, "[t]his is not a case where transfer merely shifts the inconveniences of litigation from one party to another. Rather, this is a case where transfer would aid one

6

party and not disadvantage its adversary." Id. at 2 (citing Bionx Implants, Inc. v. Biomet, Inc., 1999 WL 342306, at *4 (S.D.N.Y. 1999)).

Because, the action in this case could have been brought in the Eastern District of North Carolina (a fact which Plaintiffs do not dispute), convenience of Parties favors transfer, no known witness is inconvenienced by transfer, Defendants Motion to Transfer Venue to the Eastern District of North Carolina is GRANTED.

II. Preliminary Injunction

Having reviewed the Plaintiffs' submissions, and having received no submissions on the merits from the Defendants, the Court is persuaded of the probability of Plaintiffs' success on the merits and that a preliminary injunction is proper. Therefore, Plaintiffs' request for a preliminary injunction is GRANTED for 90 DAYS. Defendants SHALL:

1. Immediately cease the circulation of, and shall withdraw all advertizing material and packaging: a) that in any way implies or suggests that Defendants or its products are in any way connected, affiliated or have a business relationship with Plaintiffs; b) that in any way implies or suggests that the photographs of Plaintiffs' custom log cabin homes posted on

Defendants' website and brochure are products manufactured, sold or constructed by Defendants; and c) that in any way implies or suggests that the Plaintiffs' copyright protected architectural renderings and floor plans showcased on Defendants' website and brochure are for products manufactured, sold or constructed by Defendants; and

    2. Shall immediately cease and desist using any copyrightable works owned by Plaintiffs which are protected by a registered copyright or otherwise; and

    3. Shall immediately cease and desist using: a) the Log Cabin Homes USA name, b) the www.logcabinhomesusa.com website, c) any other trade name or domain name substantially similar to Plaintiff's marks or its website with the domain name www.logcabinhomes.com, and d) that, if it has not been already, the www.logcabinhomesusa.com domain name shall be transferred to Plaintiffs; and

    4. Shall immediately cease and desist from a) contacting any of Plaintiffs' current customers or contacts; and b) utilizing any documents or materials that Defendants have taken from Plaintiffs or that Defendants had access to while in the employ of Plaintiffs; and

    5. Shall immediately take all reasonable steps necessary to contact all prior recipients of communications containing any

false statements and/or misrepresentations concerning Plaintiffs and/or Defendants, or the quality, design, images, or origin of their products and to correct them.

CONCLUSION

A preliminary injunction is hereby GRANTED for 90 DAYS. Venue in this action is hereby TRANSFERRED to the Eastern District of North Carolina. Plaintiff is hereby ORDERED to serve Defendants via overnight mail or hand delivery a copy of this preliminary injunction Order no later than seven (7) days from the date of this Order. The $5,000 security posted by Plaintiffs shall remain in place until such a time as the Court in the Eastern District of North Carolina Orders it to be released. SO ORDERED.

Dated:    New York, New York
          *December 14, 2007*

*Deborah A. Batts*
Deborah A. Batts
United States District Judge